# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANDRE LAMAR GULIFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 13-1345-KHV |
| **CAROLYN W. COLVIN,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____) | |

## MEMORANDUM AND ORDER

Andre Lamar Guliford appealed the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401 et seq. On April 24, 2015, pursuant to the fourth sentence of 24 U.S.C. § 405(g), the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Judgment In A Civil Case (Doc. #21). On June 18, 2015, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 4212(d), the Court awarded plaintiff attorney's fees in the amount of $5,037.50. Order Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA) (Doc. #23). On September 16, 2016, the Social Security Administration notified plaintiff of a fully favorable decision on remand. This matter comes before the Court on the Motion For Attorney's Fees: Plaintiff's Counsel's Fee Petition By "Section 206(B) Of The Social Security Act, As Amended" Notwithstanding Previous EAJA Fee Petition Intercepted By Kansas Department Of Children And Families (Doc. #24) filed February 14, 2017.

## Background Information

As noted, after the Court entered judgment reversing and remanding the Commissioner's decision, it awarded plaintiff attorney's fees under the EAJA in the amount of $5,037.50. Order

Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA) (Doc. #23). The Court stated that pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the EAJA fee was "payable to plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States." Order (Doc. #23). The Court ordered defendant to make the check payable to plaintiff and mail it to plaintiff's attorney. Id.

The Department of Treasury intercepted the funds to pay a debt which plaintiff owed Kansas Child Support Services. See Motion For Attorney's Fees (Doc. #24) ¶¶ 2, 6, attached exhibit at 18. Therefore, plaintiff's counsel did not receive the EAJA fee.

On remand, the Social Security Administration decided the case in favor of plaintiff and awarded past-due benefits of $47,456.40. See id., attached exhibit at 21, 24.[1] Of that amount, the Social Security Administration withheld $11,864.10, or 25 per cent. See id. at 24. From the withheld funds, the Social Security Administration authorized payment of $6,000.00 to plaintiff's counsel for representation before the Commissioner under 42 U.S.C. § 406(a).[2] See id. at 23-24. Regarding the remaining funds, i.e. $5,864.00,[3] the Social Security Administration informed plaintiff as follows:

> We will still withhold the remainder, $5,864.00, in case your representative asks the Federal Court to approve a fee for work that was done before the court. Section 206(B) of the Social Security Act, as amended, governs fees for services before the

---

[1] It appears that counsel did not attach complete exhibits to his motion. See exhibits attached to Motion For Attorney's Fees (Doc. #24) at 21-24. The Court cannot determine who at the Social Security Administration made the communications and determinations referenced therein.

[2] Section 406(a) authorizes the Commissioner to approve attorney's fees for representation in proceedings before the Commissioner. See 42 U.S.C. § 406(a).

[3] The parties do not address the remaining ten cents in withheld funds ($11,864.10 in withheld funds - $6,000 paid to counsel under Section 406(a) = $5,864.10 in remaining funds).

court.

Id. at 24.

## **Legal Standards**

Attorneys handling social security cases in court may seek fees under both the EAJA, 28 U.S.C. § 4212(d), and the SSA, 42 U.S.C. 206(b).[4] See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The statutes provide two different types of fee awards which the court determines separately. See id. (citing Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001)). Under the EAJA, the Court may award fees based on a statutory maximum hourly rate of $125.00, unless it finds that the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d). Fees awarded under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid from agency funds. See McGraw, 450 F.3d at 497 (citing Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994)); 28 U.S.C. § 2412(d)(1)(A) (EAJA fee awarded to prevailing party). As such, the government may offset fees awarded under the EAJA to satisfy a claimant's pre-existing debt to the government. See Astrue v. Ratliff, 560 U.S.

---

[4] Section 406(b) states, in part, as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

-3-

586, 589 (2010).

Under the SSA, the Court awards fees out of past-due benefits to satisfy a client's obligation to counsel. See McGraw, 450 F.3d at 497; 42 U.S.C. 406(b)(1)(A). In awarding fees under the SSA, the Court exercises discretion. Gordon v. Astrue, 361 Fed. App'x 933, 935 (10th Cir. 2010). The Court determines SSA fees based on reasonableness, with a statutory maximum of 25 per cent of past-due benefits. See id. The Court may determine a reasonable fee based on a lodestar calculation[5] or a contingency fee agreement between the attorney and client. See Gisbrecht v. Barnhart, 535 U.S. 789, 799-800 (2002).[6] SSA fees are paid directly to counsel. See McGraw, 450 F.3d at 497; 42 U.S.C. § 406(b)(1) (SSA fee paid out of past-due benefits). If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff. See McGraw, 450 F.3d at 497-98 (citing Gisbrecht, 535 U.S. at 796; Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986)).

**Analysis**

Under the SSA, 42 U.S.C. § 206(b), counsel asks the Court to authorize attorney's fees of $5,037.50, i.e. the same amount which it previously awarded for fees under the EAJA.[7] As noted,

---

[5] The Court calculates the lodestar amount by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate. See Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

[6] In Gisbrecht, the Supreme Court found that Section 406(b) does not exclude contingent-fee contracts that produce fees within the statutory ceiling. 535 U.S. at 800. The Court noted that the statute requires courts to review such agreements as an "independent check" to ensure that they yield reasonable results in particular cases. Id. at 807.

[7] Plaintiff asserts that the Social Security Administration should pay plaintiff the remaining balance of withheld funds, i.e. $826.50 ($5,864.00 in remaining funds - $5,037.50 in requested fees = $826.50 to plaintiff). See Plaintiff's Reply To Defendant's Response To Plaintiff's Motion For Fees Under 42 (U.S.C. Section 406(b)[)] (Doc. #26) filed February 21, 2017 at 1.

the Department of Treasury intercepted the EAJA fee award to pay plaintiff's pre-existing debt to Kansas Child Support Services. Defendant does not oppose the motion, but notes that the Court has an independent obligation to determine that the fee is reasonable. See Defendant's Response To Plaintiff's Motion For Fees Under 42 U.S.C. § 406(b) (Doc. #25) filed February 21, 2017.

Counsel asserts that he spent 40.3 hours working on plaintiff's case before the Court. See Motion For Attorney's Fees (Doc. #24) at 1-3, exhibit at 5. Counsel asks the Court to determine a reasonable fee based on a lodestar calculation of $125.00 an hour, i.e. the maximum statutory rate allowed under the EAJA. Under the circumstances, the Court finds that the time spent and hourly rate are reasonable. Accordingly, the Court awards counsel the full amount requested.

**IT IS THEREFORE ORDERED** that the Motion For Attorney's Fees: Plaintiff's Counsel's Fee Petition By "Section 206(B) Of The Social Security Act, As Amended" Notwithstanding Previous EAJA Fee Petition Intercepted By Kansas Department Of Children And Families (Doc. #24) filed February 14, 2017 be and hereby is **SUSTAINED**. Under 42 U.S.C. § 406(b), plaintiff's attorney, Paul W.S. Joslin, is entitled to fees in the amount of $5,037.50. The Commissioner shall pay those fees from the amount which she is holding from plaintiff's past-due benefits. The Commissioner shall pay the remainder of withheld benefits to plaintiff.

Dated this 10th day of April, 2017 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge